All right, the first case of the day is Farris v. Sullivan for the appellant, Mr. Nessler, and for the appellant, Ms. Hackman. You may proceed. Thank you, Your Honor. May I please have the Court count the minutes? The Circuit Court erred when it entered an order dismissing count two of the Plaintiff's First Amendment complaint for failure to state a claim. The issue on review before this Court is whether the Plaintiff has set forth facts sufficient to support a claim for a willful and wanton misconduct in count two of that First Amendment complaint, and this review should be considered de novo. In order to support a cause for willful and wanton misconduct, the Plaintiff must first allege a duty, a breach of that duty, and approximate cause. There is an extra element that must be pled that separates willful and wanton misconduct from pure negligence. In addition, the Plaintiff must set forth that the Defendant acted with conscious disregard for the Plaintiff's safety. The Defendant's motion and the trial court's dismissal focus solely on this last element. The dismissal of count two was in error. The First Amendment complaint supports that the Defendant had knowledge that he created an impending danger when he decided to drive an automobile while intoxicated. Specifically, the Plaintiff pleads that the Defendant knowingly violated a duty, a statutory duty that he was aware of, a duty that was designed for the safety of those on the roadway. He knew of the duty, he knew of the statute, and he knew that consuming alcohol prevented him from safely operating an automobile. But despite this knowledge, he operated an automobile while intoxicated. The Supreme Court case of Streeter states that intentional disregard of a known duty is alone sufficient to make a case for willful and wanton misconduct. The Fourth District case of Uritage expounds upon this and is instructive on how to go about appropriately pleading willful and wanton misconduct. It begins by stating that there is no hard definition for willful and wanton misconduct. The Fourth District case states that because there is no hard definition, the pleading of willful and wanton misconduct should be liberally construed to allow a case to move on to an evidentiary phase. The case further advises that outrageous conduct will constitute willful and wanton misconduct and uses the example like a crime. In this case, it's alleged that the Defendant was driving while under the influence of alcohol. This is a crime, and the Defendant in his answer admits that he pled guilty to this crime. The case of Oles, a First District case, further advises on appropriately pleading willful and wanton misconduct. It begins by saying that there is no intent to injure required. There's no need to plead that in order to get past a motion to dismiss. Instead, a court must look to see whether there are facts sufficiently pled to support that there was a conscious conduct which might naturally and probably lead to injury. Excuse me, counsel. Let me ask you to address a concern that I have regarding the briefs. You cite a case that says that you can reallege what's in the negligence count. The other side cites a case that says you can't just reallege what's in the negligence count and then add allegations that the, add the conclusory statement that the actions amount to willful and wanton conduct. What about that? I think that that is a reconcilable difference, Your Honor. The case of Uretech states that you can adopt your allegations of negligence, the duty that caused the breach of duty and the proximate cause, but you must go on to allege a state of mind, that state of mind being a conscious disregard. In this case, the plaintiff alleges ten individual paragraphs concerning the state of mind solely contained within count two. In other words, the case cited by the defendant is more of a case that says you can't just change the first word of your charging allegations from negligent to reckless or from negligent to willful and wanton. You also have to include separate allegations which concern solely the state of mind of the defendant. In this case, paragraphs ten through twenty of count two of the plaintiff's complaint allege several different things about the state of mind. First, that he knew that he had a lower reaction time when he was drinking. He knew that he could not operate a motor vehicle safely while he was drinking. He knew that alcohol affected him in those ways that alcohol affects all of us. And I was very careful to lay those out as individual facts instead of doing what Your Honor has addressed and just say, well, he recklessly drove a vehicle as opposed to negligently drove a vehicle. And I believe that by pleading these facts in this way, by pleading that the defendant was intoxicated, that he knew he couldn't operate a vehicle safely while intoxicated, and more to the point of the Supreme Court case of Streeter, that he knew there was a statute that created a duty that he shall not drive an automobile while intoxicated, and yet he still drove that automobile while intoxicated. And I think that that was really the focus of the trial court and the defendant's motion at the trial court. The focus seems to have shifted somewhat in this appeal to whether or not, well, really the defendant focused in this appeal on the term intoxication and exactly what an allegation that the defendant was intoxicated means. But I don't believe that the defendant's argument is supported by the record. And I'll begin by stating that the defendant admits in his answer that he was intoxicated. He admits in his answer that he was drinking alcohol. Excuse me, in his initial answer? In both answers, Your Honor, yes. Well, in the initial answer, doesn't he admit he was intoxicated? But then in the second one, in the answer to the second, the amended complaint, doesn't he say that he consumed alcohol and that he entered the plea of guilty? He doesn't, again, admit that he was intoxicated. Well, I would address that question two ways, Your Honor. First, the first answer would have been a judicial admission and would be incontrovertible. Was that verified? It was not. However, I have cited a case which states that a verified answer is not required for a judicial admission. If an attorney signs the pleading on behalf of his plaintiff, and that is the case of Renshaw, if an attorney signs a pleading on behalf of his client, that that will be a judicial admission and is not to be controverted. I'll also address the second part of your question, Your Honor. The answer to the First Amendment complaint, he does not specifically deny that he was intoxicated. And pursuant to Section 2-610 of the Code of Civil Procedure, unless you specifically deny an allegation, that allegation is considered to be admitted. So the additional admissions are really unnecessary for the defendant to have made, but he seems to have wanted to make them anyway. So had he left it blank or otherwise not specifically denied the allegation of intoxication, it would still be an admitted allegation pursuant to the Code of Civil Procedure. Well, counsel, isn't the fact that there was an amended complaint and the original answer was unverified, doesn't the new complaint and the new answer supersede the original? I would say in this case it doesn't matter because he did admit the intoxication in the First Amendment complaint by not specifically denying it. In other words, Section 2-610 of the Code of Civil Procedure states, unless an allegation is specifically denied, it's considered to be admitted. And then he also goes on to admit that he was drinking. Suffice it to say that in the 615 motion, all of the allegations should be taken as true, regardless of if he's admitted them. My point in the reply brief was more that these are judicial admissions and they're now trying to controvert and they shall not be controverted. So the argument would fail in that respect. But irrespective of whether or not he admitted the intoxication, it would be admitted as a 615 motion as a well-pled fact. And that brings me to the last part of my argument, which is the defendant has argued that the facts pled are actually conclusions and not facts. And I would state that pursuant to the Landers case, which is very instructive on what a conclusion and what an allegation of a conclusion is, an allegation of a conclusion is an allegation that simply paraphrases an element. And I really thought a lot about this and what would it mean. I'm sorry, counsel, I need to interrupt you again. Yes. Would you agree that at the trial court level, really that issue, even though it was in the motion, really wasn't addressed? I agree. I agree 100%. I don't think the trial court ruled on that really at all. They didn't. In fact, during the oral arguments on page of the appendix, on page A72, line 3, defense counsel admits that alcohol is involved in this. In other words, there was always this understanding during the arguments at the trial court level that, yes, there was some intoxication, yes, there was some alcohol. In fact, he admits it in count one of the complaint. And what we were really addressing was whether or not Wilflin 1 is satisfied by allegations of intoxicated driving. And yes, I agree with you 100% on that, Your Honor. If it had been an issue, if there had been no admission that there was alcohol involved during the oral arguments or if the judge had focused on whether or not we appropriately pled drinking consumption of alcohol causing the intoxication, then I certainly would have focused on my alternative request within that pleading to re-plead and simply add that you drank alcohol. But the court seemed determined, in fact, in his own words, to use this case as the case to ask the learned appellate court whether or not intoxicated driving is the type of case that would give rise to Wilflin 1 actions. And he seemed very determined about the fact that there was no case directly on point. But I think your attack answers that question for us. It says there is no hard rule. You're never going to find a hard rule that says what Wilflin 1 misconduct is. It's just not that type of rule. I think they say it's a matter of degree, which I really like that. You have negligence, and then there's a degree higher, which is Wilflin 1, and then a degree higher, which is a malicious type of intentional. And then within there somewhere, there's an intentional that can also lead to a Wilflin 1 count. And so there is no way that we can define these. They're necessarily ambiguous. It necessarily questions the fact for a jury to ultimately consider, which is another focus of the Eurotech Fourth District case, which states that we need to allow these cases to move to an evidentiary phase to find out whether or not there are facts to support a Wilflin 1 type of misconduct and allow a jury to decide. Now, at the summary judgment stage, if there's just no facts, certainly it can be dismissed.  And if they're dismissed at the pleading stage, contrary to the Streeter case and the Eurotech case, then they won't be able to get to that phase, and I think that's important. I will address the conclusion argument for the remaining justices, if it pleases Your Honor. The Landers case states that all a plaintiff needs to do to plead a well-pled fact is to plead an ultimate fact, the fact that they ultimately intend to prove. That the defendant was intoxicated, the fact that he's also admitted. I did not paraphrase, and when I was thinking about paraphrasing what exactly that means, it brought to light all of these different cases state what Wilflin 1 misconduct is in a different way. What they're doing is paraphrasing an element, and they're giving us an example of what a conclusory type of allegation would be. Conscious disregard for the plaintiff's safety would be a conclusory allegation. Utter indifference for the plaintiff's safety would be a conclusory allegation. Knowing that his conduct would naturally lead to injury would be a conclusory type of allegation. Or he had knowledge of the impending danger, but failed to protect against it. Those would all be paraphrases of that element and what the court means when they say a conclusory allegation. This contrasts what I've done, which is plead ultimate facts, that he was intoxicated, that he knew that he couldn't operate an automobile while intoxicated, that he knew his reaction time was slowed by intoxication, that he knew his vision was blurred by intoxication. These are facts that are not mere paraphrasings of the elements in this case, but they're facts, ultimate facts, that support those elements. And I think it's very important to look at the Landers case because it goes on to say that you don't need to plead evidence. There's no need for evidentiary facts that support these ultimate facts. You just need to support the ultimate facts because, and the Erickson case also touches on this, the plaintiff is in a place at the beginning of the case where he doesn't know facts that are more rightly in the mind of the defendant. How many beers did you drink? If I'm hit by a drunk driver and I go to the hospital, there's no way for me to know how many beers he drank until I can take his deposition or go through a written discovery type of phase. So it can't be that a plaintiff is strapped with this requirement to plead these evidentiary facts, and I think the Uretic case noting that facts that are more appropriately in the mind of the defendant don't need to be pled. And the Landers case, which states that evidentiary facts supporting ultimate facts don't need to be pled, are very, very instructive. The fact of the matter is that a fact is well pleaded if the plaintiff clearly sets out an ultimate fact that he intends to prove. And that fact, in this case, one of many, is the intoxication of the defendant, which I also note besides the paragraph 4 of the complaint, and also in subparagraph D of my allegations of recklessness, I mentioned that it was a consumption of alcohol that caused intoxication, or that he drove under the influence of intoxicating alcohols. And that is an ultimate fact. And I think this case really boils down to this. Mr. Sullivan, the defendant, knew it was dangerous to drive while intoxicated. He knew that it affected him in the various ways I've pleaded in paragraphs 10 through 20, and despite this knowledge, he decided to get behind the wheel of a car and drive while intoxicated. And this is willful and wanton misconduct. This is the difference between negligence. This is the difference between driving sober and looking at your radio for a little too long and slamming into the back of somebody, versus getting behind a wheel in a state that you know that you can't safely operate that automobile, and despite that, operating the vehicle anyways. And I would ask that this Court reverse the order dismissing count two of plaintiff's complaint and remand for further proceedings. And unless there's any other questions, I will thank you for your attention to my remarks. I don't see any. Thank you. You'll have additional time in rebuttal. I think the issue before the Court is relatively narrow, and I believe what it is is whether the plaintiff can plead willful wanton conduct simply by making a conclusory allegation that the defendant was driving while intoxicated. Well, counsel, did you address that with the trial court? I believe it was addressed with the trial court in the motion to dismiss. Was it argued before the trial court? On 844 of the appendix, paragraph 10 of the motion to dismiss, it stated, furthermore, as this Court is well aware, Illinois is a fact-leading jurisdiction. The plaintiff has failed to allege sufficient facts to allege intoxication of the defendant. In paragraph four of count one, the plaintiff alleges the defendant, quote, was intoxicated, end quote. The plaintiff fails to allege any specific facts in which to base that allegation. And I think also in argument, page 75, argument was made, and although we're suggesting as in count two, merely by saying alcohol was involved, that does not rise to the level of willful wanton conduct. That doesn't have anything to do with that being a conclusory allegation. I think by arguing in the motion that the only thing they alleged was intoxication without specific facts to support that allegation, that's the same as saying it's a conclusory allegation. But didn't they plead that your client pled guilty to driving while intoxicated? Isn't that a supporting fact? I, that was in, I'm sorry. Don't they allege in their complaint, in the willful wanton portion, that he pled, your client, pled guilty? No, I don't believe that's alleged in count two. I think what the plaintiff is arguing is that in count one, the plaintiff alleged that the defendant was intoxicated. And in answer, the answer was that the defendant admits drinking of alcohol and that he pled guilty to a DUI. That was in the answer to count one. I'm not sure that that was specifically alleged in count two. And to address your point. Why wouldn't that be a judicial admission? It might be a judicial admission of those things. But I don't think it's a judicial admission of willful wanton conduct. And I don't think it gets past the pleading. And if I can explain a little bit. Under the criminal code, or the vehicle code, excuse me, the law says a person should not drive or be in actual physical control of any vehicle within the state while. And the law sets out different things for being under the influence. And one is having an alcohol concentration. There's nothing in the pleadings of what alcohol concentration we have here. The second is being under the influence of alcohol. Third is under the influence of any intoxicating compound or combination of intoxicating compounds to a degree that renders the person incapable of driving safely. And the fourth is under the influence of any other drug or combination of drugs to a degree that renders the person incapable of driving safely. So, under the law, it's not an admission of being incapable of driving safely to have pled guilty to being under the influence of alcohol by statute. Because under the three and the four, intoxicating compound or other drug or combination, you're pleading guilty to incapable of being safely driving. But that's not the case with respect to just simply being under the influence of alcohol. And I think what the case is... Doesn't the jury instructions say on DUI that you're driving is so impaired that you're not able to operate a vehicle safely or something to that effect? I'm sorry, Justice, if I can't answer that question. I don't know. I'm just basing it on the reading of the statute. But in any event, I don't believe that admitting to driving or pleading guilty to driving under the influence is necessarily something that will support a willful and wanton conduct claim because there's no fact-showing conscious disregard for that person's safety. Unless there are any more questions on that point, I'll proceed. I don't think there's any Illinois law, at least that I've found, that addresses what must be pled in this type of case. But what I do know is what factors the court must consider. And I know those are well known to you. We're fact-pleading the state. We disregard conclusions of fact and law. And we consider only those allegations that are premised on well-pled facts. What would a fact be that would satisfy you? And I think that those types of facts are set forth in a case, and admittedly it's from a foreign jurisdiction, but it's directly on point. It's the Barrett v. Freese case, which I cited. And that court actually uses a notice-pleading standard that's been used in federal courts, the plausibility standard. And in that case, the plaintiff pled intoxication. And the court said, undeniably, that term is a legal conclusion. And it said that the count based on intoxication would be dismissed because there was no factual basis to support that legal conclusion. Was there a plea of guilty to driving under the influence in that case? I don't know that that fact was part of that case, Your Honor. But what the court did say is there's no mention regarding the number and type of drinks that the defendant consumed. No one observed the defendant with bloodshot eyes, having slurred speech, being boisterous, argumentative, confrontational, hostile, appearing drowsy or disheveled, staggered, fighting. How do you know those facts until you take discovery? Well, in this case, the plaintiff has had the opportunity to take discovery before the first amended complaint was filed. So I understand your argument, but we're at the point where we're at the pleading stage and we file amended complaints all the time after discovery is taken. And discovery was taken in this case before the amended complaint was filed. So your client was deposed? He was deposed. I'm not sure if he was deposed before or after the first amended complaint was filed. But I do believe that there was some rent discovery that was at least done before the first amended complaint was filed. Was that provided as part of the record in this case? It's not part of the record, I believe. So in answer to your question, Justice Pope, the facts that could be pledged to show intoxication are that the number of types of drinks, the level or indicia of intoxication. Because I think even some other cases that I've cited to you, it's not enough that the person has had alcohol. There needs to be a level of indicia of impairment shown to get to the conscious disregard and utter indifference stage. In the criminal case, did the defendant do a breath test? Your Honor, I don't know the answer to that question. You don't know if your client took a breath test? I'm sorry, I do not know. I don't understand. Wouldn't that have come out of the deposition? The plaintiff's counsel may be able to answer that question. Were you not there at the deposition? I was not. Okay, gotcha. I'd like to briefly take a look at the Landers case, which the plaintiff has relied on. And I think it's important to note that that case involved three allegations that the court looked at. The case involved whether or not the plaintiff was entitled to a commission. And the plaintiff made three allegations. One, that the defendant was aware of the commission or the compensation formula. Two, that the plaintiff was an employee of the defendant. And three, that the defendant was in a partnership. And as the plaintiff's counsel noted, the court said that one allegation, awareness of the compensation formula, was adequately deployed. But as to the other two allegations of partnership and employee status, the court said it's not enough to just say there's a partnership or that I was an employee. You've got to plead facts to support those allegations. And I think that that case actually supports my position, the defendant's position, in that it's not sufficient just to plead intoxication. There need to be factual allegations showing the level of impairment to get to a willful and wanton conduct pleading. Counsel, can you read to me or tell me where in the transcript from the actual hearing where you made this argument to the trial court? Well, I think it's when Mr. Booker, this is page 875 of the appendix, page 6 of the transcript, he says there has to be some set of facts, there has to be some allegations, which takes us well beyond mere negligence, well beyond, you know, something that would shock the conscience. And all we're suggesting is in count two, merely by saying alcohol was involved, that does not rise to the level of willful and wanton conduct. Well, the plaintiff didn't say alcohol was involved. The plaintiff said that the defendant was drunk. That's a big difference, don't you think? You mean in terms of what? Intoxicated means drunk. Correct. So if he alleges he's intoxicated, that's alleging something completely different than he had a couple of beers before he got behind the wheel. What I'm suggesting to the court is that intoxication is a conclusion, which in order to make that allegation something that would support willful and wanton conduct, there needs to be facts to support that conclusion. I've cited some other cases from some other jurisdictions that, while not binding on this court by any means, they suggest that in order to get to the willful and wanton conduct phase, there needs to be facts pled going to the level of impairment that the plaintiff is suffering from before the accident. Moving on to the judicial admission argument. First of all, I would suggest that Justice White, the argument that there was an admission of intoxication has been superseded. That was made with respect to the original complaint and answer to the original complaint. And once that answer to the amended complaint was filed, that original answer was superseded and it's not a judicial admission. With respect to what they're calling judicial admissions in answer to the amended complaint, the admission of drinking alcohol, I think... And the plea of guilty. And I was going to handle both of those. The admission of alcohol, I don't believe, gets you anywhere as well. And the reason I say that is, at least the courts have held that you cannot admit evidence of drinking without indicia of intoxication. So I think it follows that if you cannot get to drinking until there's indicia of intoxication at the trial court level, then you shouldn't be able to just plead intoxication in a pleading because I think the courts are saying the same thing. It's just a conclusion. And without some indicia, you can't go further. With respect to the pleading of the guilty to DUI citation, I think that's at most an admission of negligence. And there's, again, no fax flood regarding the level of impairment to demonstrate conscious disregard. So I think these allegations, even if considered, don't constitute well-fledged facts to support a claim of willful one conduct. So for all these reasons, I would ask that the trial courts really be affirmed. Thank you. Rebuttal. I'll begin by very briefly addressing the conclusions or allegations of what exactly was argued at the trial court. And if I may ask for leave to actually read, I know that we're not supposed to, but if it would be all right, I'd like to read what Mr. Booker actually said. No. Mr. Booker, no. I mean, I'm happy to expound upon that, but there's no proposition in Illinois law that says any time, as I said before, that alcohol is involved or even that there was impairment, that it necessarily leads to a conclusion of the fact that alone arises to the level of willful and unwanted misconduct. So here he's saying a couple of different things that I think are important. One, he's admitting that the conclusion is whether or not there was willful and unwanted misconduct, the elements. And he's saying that whether or not alcohol is involved or even if there was argument are not enough alone to give rise. And I think that that really is what the issue before this court is, not whether or not they were pled appropriately. That's conceded, in my mind, on page 5, lines 1 through 6, 874 for a cite. But whether or not we've pled the appropriate state of mind. And the court seems to ignore paragraphs 10 through 20 of count 2,  while under the influence of alcohol, that he was impaired and he couldn't drive or operate a vehicle safely. I'd like to distinguish the cases cited from the foreign jurisdictions. And if you look at both those cases, I think they're very easily distinguished on this one bet. They both are addressing a court's review of the file to see whether or not punitive damage is justified. They're not reviewing whether or not willful and unwanted has been pled. And why they do it that way in those states, I don't know. I don't have a license in those states, but I know that's not how we do it here. Here we have to plead the willful and unwanted, and then ask the court for permission to have punitive damages. Apparently there, they review the evidence, they review the pleadings, they review everything aside whether or not punitive damages are appropriate. And on that standard alone, those cases are absolutely distinguishable from this case. And Hendricks, a case that I think is also from a foreign jurisdiction, but in that case, what they're really deciding is whether or not the plaintiff pled that the alcohol was part of the proximate cause. Apparently in that case, the plaintiff just pled that he crossed over a line and that caused the accident. But in this case, our proximate cause paragraph actually states that all of these actions are the proximate cause. In other words, everything that's pled in this complaint is the proximate cause of this accident. So we include the alcohol, we include the impairment, we include the state of mind. And that's a fact in Hendricks that's highly distinguishable. Mr. Messer, why didn't you plead in the complaint that he pled guilty to driving under the influence of alcohol? To be honest, at that phase, I didn't know. Let me give you a little procedural history, if it pleases you, Your Honor. We initially filed our complaint. There was a motion to dismiss, count two of the complaint. We went and argued that. The motion to dismiss was granted on count two. And we were given a little bit of time to replete, and we repled. And then Mr. Booker asked for a little bit more time to answer. And I said, that's fine. It was more of an ambiguous time frame, but we work a lot together and there's never any problem with extensions. And so the answer just never came. And we went through, after the first amendment complaint was filed, but before the answer was filed, we went through the discovery that counsel referenced. But that was, again, after the first amendment complaint was filed. And had the court focused at all on, hey, we need more facts here, then I would have asked to replete and we would have done them. And I did ask him my motion to replete, but that wasn't the focus. The focus was whether or not drinking and driving gives rise to a count of willful and wanton. And the judge actually says, you know, let's see what the appellate court says about it. Let's make this that case he says. And so that explains that. The Landers case, there's two counts pled in that. One, the wage collection count. They say, yes, you appropriately pled all of these in order to support that. Number two is the Fees Act, which apparently there was some law that came down, a case that right before this case, it said it has to be a common law employee, which apparently she really wasn't in the Landers case. And so that's the purpose of the dismissal in the second part. It wasn't similar to this case in that sense at all. And finally, the pleading phase versus the summary judgment phase. This is addressed, and I addressed it a little bit earlier. The case law is very clear that evidentiary facts, like those facts necessary to support the denial of a summary judgment motion, are not necessary at the pleading stage. And so we don't know, and you can't plead them. And so that's the summary judgment phase, not the pleading phase, and that's the distinction there. Unless there's any other questions. I believe so. Thank you. I will take this matter under advisement and stand in recess until the record gets to the next panel.